Garland **ROLLINS** and Jeanetta Rollins, Plaintiffs–Appellees,

v.

**CENAC TOWING COMPANY, INC.,** Defendant–Appellee,

v.

**SOUTH TEXAS TOWING,** Defendant–Appellant.

No. 90–4689.

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1991.

Rehearing and Rehearing En Banc Denied Sept. 16, 1991.

---

**3.** *See Daily International Sales Corp. v. Eastman Whipstock, Inc.*, 662 S.W.2d 60, 64 (Tex.App.—Houston [1st Dist.] 1983, no writ) (distinguishing independent contractor relationships from principal/agent relationships).

**600**

John A. Jeansonne, Jr., Jeansonne & Briney, Lafayette, La., for defendant-appellant.

Anthony C. Dupre, Ortego & Dupre, Ville Platte, La., for Garland Rollins and Jeanetta Rollins.

Randolph J. Waits, John F. Emmett, Waits & Kessenich, New Orleans, La., for Cenac Towing Co., Inc.

Before GARZA, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:

Garland Rollins, a member of the crew of a vessel, was injured during a collision between vessels owned by his employer, South Texas Towing, Inc. (South Texas), and Cenac Towing Co., Inc. (Cenac). The district court entered judgment on a jury verdict in favor of Rollins and Cenac and against South Texas. Because we conclude that South Texas is entitled to a full credit for Cenac's settlement with Rollins, we reverse the district court's judgment against South Texas and render judgment in its favor.

I.

Rollins was injured when the South Texas vessel he served aboard collided with one of Cenac's vessels. Rollins and his wife sued South Texas under the Jones Act and the general maritime law. They also sued Cenac under the general maritime law. Cenac and South Texas filed cross-claims against each other. Before trial, Rollins settled his claim with Cenac. Under the settlement, Cenac paid $250,000 to Rollins. In return, Rollins dismissed Cenac as a defendant and assigned to Cenac the right to the first $50,000 he recovered from South Texas at trial.

Rollins proceeded to trial against South Texas. The jury found that South Texas was 30% at fault for Rollins' injury and that Cenac was 70% at fault. The jury assessed Rollins' total damages at $183,000.

Based on the jury verdict, the district court entered a judgment against South Texas in the amount of $54,900 (30% of $183,000). The district court divided the proceeds of the judgment $50,000 to Cenac, and the balance to the Rollinses. South Texas timely lodged this appeal.

II.

The question presented in this case is how to apply the credit for the settlement between Rollins and Cenac to the jury verdict against South Texas. The first step in the analysis is to compare the amount Rollins received in settlement with the amount the jury determined as his total damages. *See Hernandez v. M/V RAJAAN*, 841 F.2d 582, 591 (5th Cir.), *cert. denied*, 488 U.S. 981, 109 S.Ct. 530, 102 L.Ed.2d 562 (1988); *see also Self v. Great Lake Dredge & Dock Co.*, 832 F.2d 1540, 1548 (11th Cir.1987), *cert. denied*, 486 U.S. 1033, 108 S.Ct. 2017, 100 L.Ed.2d 604 (1988). Because the jury found that Rollins' damages were less than the amount he had already received in set-

tlement, Rollins has been fully compensated for his loss and can recover nothing from South Texas. Stated differently, South Texas gets full credit for the $250,000 settlement Cenac made with Rollins, wiping out any liability South Texas may have otherwise had for Rollins' injury which damaged him in the total amount of $183,000.

If the jury had found that Rollins suffered damages in excess of his settlement, Rollins should have been awarded those excess damages from South Texas and his payback agreement with Cenac would have been triggered. *See Myers v. Griffin-Alexander Drilling Co.*, 910 F.2d 1252, 1256 n. 1 (5th Cir.1990). But that is not today's case.

Accordingly, we reverse the district court judgment entered against South Texas and render a take nothing judgment in its favor.

REVERSED and RENDERED.